IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ISIE BRINDLEY,                )
                              )
            Plaintiff,        )
                              )
    v.                        )       No. 10 C 6933
                              )
TARGET CORPORATION,           )

MEMORANDUM ORDER

Target Corporation ("Target") has just filed its Amended Answer and Affirmative Defenses to Plaintiff's Complaint, the most recent salvo in its ongoing pleading war against the employment discrimination action brought against it by its ex-employee Isie Brindley ("Brindley"). As for the answering portion of that pleading, Target's counsel have dealt meticulously with all of Brindley's allegations, portraying Target as pure as driven snow[1]--in sharp contrast to Brindley's portrayal of Target as an equal opportunity discriminator based on age and retaliatory conduct.

But the affirmative defenses ("ADs") that follow the Amended Answer do not comport with the principles underlying Fed. R. Civ. P. ("Rule") 8(c) and the caselaw applying that Rule--see also, e.g., App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Although Brindley's counsel

---

[1] In that respect counsel is certainly seasonal, having submitted the pleading very near the end of a month that has set an all-time record for cumulative snowfall during February.

may find other flaws,[2] here are the matters that this Court has noted:

    1. Both AD 1 and AD 2 contain the qualifier "to the extent," which is a sure tipoff to a defendant's failure to comply with the notice pleading principles that apply to plaintiffs and defendants alike.  If Target is really claiming some non-hypothetical deficiency on Brindley's part, that msut be identified specifically so that Brindley's counsel and this Court are made aware of an actual rather than speculative defense.  If not, the purported AD should be dropped.

    2. It seems particularly unlikely that Target actually knows of a failure on Brindley's part to mitigate her damages, so that Target can make the assertion in the first sentence of AD 2 in the objective good faith demanded by Rule 11(b).

    3. If Target's reference to "a pattern or practice claim" in AD 3 is intended to target (bad pun intended) the Complaint's allegations about asserted widespread age-discriminatory conduct on its part, that ignores the potential for admissibility of such evidence as an exception

---

    [2] This Court should not be mistaken as encouraging even more pleading skirmishes.  Both sides would be better advised to commit their resources to moving forward in the discovery process that should lead to the ultimate disposition of the case.

to the limitations imposed by Fed. R. Evid. 404(b).

4. Most of Target's other ADs flout the requirement that an AD must accept as true all of the allegations of the complaint to which it is directed.

5. Target's "notice" that follows AD 9 is unnecessary and contributes nothing to the dialogue.

All of Target's ADs are therefore stricken sua sponte. This ruling is without prejudice to Target's marshaling and asserting any ADs that conform to the factual and legal requirements for such pleadings.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: February 28, 2011